# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39007**

———————————

**UNITED STATES**
Appellee

**v.**

**Steven S. CONTRERAS**
Technical Sergeant (E-6), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 4 May 2017

———————————

*Military Judge:* Matthew S. Ward.

*Approved sentence:* Dishonorable discharge, confinement for 11 years, and reduction to E-1. Sentence adjudged 14 December 2015 by GCM convened at Keesler Air Force Base, Mississippi.

*For Appellant:* Major Annie W. Morgan, USAF.

*For Appellee:* Gerald R. Bruce, Esquire.

Before MAYBERRY, HARDING, and C. BROWN, *Appellate Military Judges.*

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

PER CURIAM:

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

We note, however, the Court-Martial Order (CMO) contains a typographical error with regard to the word "punch" in Specification 2 of Charge III. The Appellant was charged with, pleaded to, and was found guilty of a specification of Article 128, UCMJ, 10 U.S.C. § 928 in that he did unlawfully "push" his

spouse. The CMO incorrectly provides that he did unlawfully "punch" his spouse. We order promulgation of a corrected CMO to accurately reflect Specification 2 of the Charge III.

We also note that immediately after the announcement of findings, the military judge declared a part of the announcement was erroneous in that he had not intended to enter findings of not guilty to Specification 5 of Charge I, Specification 6 of Charge II, and Specifications 1 and 3 of the Additional Charge.* The military judge, however, did not make a new announcement of findings at any point subsequent to his declaration of a partial erroneous announcement. While it is abundantly clear from the record that the military judge merely misspoke as to the announced findings of not guilty to Specification 5 of Charge I, Specification 6 of Charge II, and Specifications 1 and 3 of the Additional Charge and that the findings were otherwise correctly announced, we find it the better practice to correct error in an announcement with a new announcement as is permitted by Rule for Courts-Martial 922(d).

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court

---

* The pretrial agreement in this case included a term whereby the convening authority agreed to withdraw and dismiss those specifications. Prior to the announcement of the findings, and in response to a question from the military judge during the pretrial agreement inquiry, the trial counsel indicated that action would be taken to withdraw and dismiss Specification 5 of Charge I, Specification 6 of Charge II, and Specifications 1 and 3 of the Additional Charge upon acceptance of Appellant's guilty plea. The defense counsel agreed with this planned course of action. However, immediately after the acceptance of the guilty plea, the military judge directed Appellant and his counsel to rise and announced findings in accordance with not only the plea of guilty but also the pleas of not guilty to Specification 5 of Charge I, Specification 6 of Charge II, and Specifications 1 and 3 of the Additional Charge prior to trial counsel having the opportunity withdraw and dismiss those specifications and inform the military judge of the same. The military judge immediately realized his error and permitted trial counsel to withdraw and dismiss the specifications without objection from Appellant.